IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EXPRESS MOBILE, INC., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 17-703-RGA |
| EGROVE SYSTEMS CORPORATION, | : | |
| Defendant. | : | |

**MEMORANDUM**

Pending are cross-motions for attorney's fees. (D.I. 48, 50).

Plaintiff sued Defendant for patent infringement. Plaintiff is a Delaware corporation with a place of business in Plano, Texas. Defendant is a Delaware corporation with a place of business in Parlin, New Jersey. Between June 9, 2017, and October 11, 2019, Plaintiff has sued more than thirty defendants in this District. Only three of the cases currently remain open.

There were two asserted patents in this case, the first of which – the '397 patent -- was filed in 1999 and issued in 2003. The Abstract of the first patent opens by describing it as, "A method and apparatus for designing and building a web page." The specification runs 70 columns. The first claim begins, "A method to allow users to produce Internet websites on and for computers having a browser and a virtual machine capable of generating displays, said method comprising . . . ." The second patent – the '168 patent -- is a continuation-in-part of the application for the first. It issued in 2009. Its first claim begins, "A system for assembling a web site comprising: a server comprising a build engine configured to: . . . " I have not read the

specification in connection with these motions, but I would think that if the patents were valid,[1] they would likely be money-making machines. It costs a lot of money to find out whether a patent is valid. Recently I have had some attorney's fees petitions based on success on a Rule 12(b)(6) motion seeking dismissal for lack of patent-eligible subject matter. The petitions have all sought attorney's fees in the ballpark of $100,000. That's the minimum that it takes to win a case, and, in most cases, such a simple win is not an option.

In the instant case, the complaint – with 28 pages of text -- was filed on June 9, 2017. It was answered August 22, 2017, and there was a "reply" to the counterclaims on September 12, 2017. There was a scheduling conference on October 10, 2017. The parties filed a joint claim construction chart on April 6, 2018, which reflected agreement on six terms and disputes on eleven terms. (D.I. 23). The joint claim construction brief was filed on August 6, 2018. By then, there were only three disputed constructions. (D.I. 33). On the basis of the briefing, I entered an oral order construing the three terms, generally in line with what Plaintiff had requested. On October 19, 2018, new Delaware counsel substituted into the case for Defendant. A week later, new outside counsel for Defendant was admitted pro hac vice. A few days later, new Delaware counsel substituted for Delaware counsel who had entered an appearance on October 19th. Nearly three months later, nothing having been entered on the docket in the interim, Plaintiff filed a motion to dismiss for lack of subject matter jurisdiction because it had given Defendant a covenant not to sue. (D.I. 42). Defendant did not oppose dismissal, while noting that the covenant not to sue was "unsolicited" and presented two days before the fact

---

[1] The '397 and '168 patents withstood a Rule 12(b)(6) motion to dismiss for lack of patent-eligible subject matter in *Express Mobile, Inc. v. Dreamhost LLC*, No. 18-1173-RGA, D.I. 43 (D.Del. June 18, 2019). The denial was based on the existence of factual questions that could not be resolved on a Rule 12(b)(6) motion. Judges in the Northern District of California and the Eastern District of Texas have reached similar conclusions on similar motions. (*See* D.I. 23-1 (Northern District of California decision); *Express Mobile, Inc. v. KTree Computer Solutions, Inc.*, No. 17-128-JRG-RSP, D.I. 29 (E.D.Tx. May 4, 2017)).

discovery cut-off. (D.I. 44 at 1). I dismissed Plaintiff's claims with prejudice and the counterclaims for lack of subject matter jurisdiction. (D.I. 46). The pending motions followed.

Defendant filed its motion first. It is an exceptional case attorney's fees motion, based on the premise – which cannot reasonably be disputed – that Defendant is the prevailing party, and that the case is exceptional – which is disputed – because, when Plaintiff moved to have the case dismissed, Plaintiff (1) "had four weeks to produce an expert report; (2) fact discovery had closed; (3) plaintiff had not commenced source code review; and (4) plaintiff had not deposed a single witness." (D.I. 49 at 2). Defendant states that it produced "millions of line of Magento and Wordpress source code." (*Id.*). Plaintiff responds that it did not need to do any source code review or depose any witnesses in order to "make its case." (D.I. 51 at 16). It is rather vague about how it was going to prove infringement, stating merely that Plaintiff "had already conducted investigation of Magento and Wordpress, and believed it could demonstrate infringement independent of source code review or depositions of [Defendant]." (*Id.* at 16-17). Defendant replies that this case stands out from the norm because it "might be the first and only [software patent] lawsuit wherein the patentee-plaintiff maintained assertions of infringement through discovery cut-off with zero source code review and zero depositions." (D.I. 53 at 2) (emphasis omitted).

I take the gist of Defendant's motion to be that Plaintiff never had any intention of taking the case to trial, and therefore that the case was litigated in an unreasonable manner. I would have a hard time saying that Defendant has shown the case lacked substantive strength.[2] In

---

[2] By my count, PACER shows that Express Mobile has filed about 95 cases, mostly in Delaware, the Eastern District of Texas, and the Northern District of California, but also in the Central District of California and the Northern District of Illinois. While the cases appear mostly to be against entities I have never heard of, there is a declaratory judgment action in the Northern District of California which is captioned *X.Commerce, Inc. d/b/a Magento, Inc. v. Express Mobile, Inc.*, No. 17-2605-RS, which appears to be being seriously litigated. As noted earlier, the patents have so far withstood section 101 challenges, and Plaintiff notes that the PTAB denied institution of an IPR petition. (D.I. 51 at 3).

terms of the reasonable manner inquiry, the record suggests to me that Plaintiff probably never had any intent to take the case to trial. And, at some point, clearly there was no reason to spend any money on this particular case. It is clear from Plaintiff's affidavit (D.I. 60) that it wants to settle the cases, and that it offers licenses that are below the cost of even the most feeble of defenses.[3] It also seems fairly clear that Plaintiff knew fairly early on that there was a good chance that Defendant was a poor financial candidate for taking a license. One thing that argues in favor of Plaintiff's conduct not being exceptional, though, is that the evidence that is in the record supports its contention that it was trying to determine Defendant's financial position as a basis for how to proceed, and that Defendant was not diligent in producing what Plaintiff said it needed in order to dismiss the case earlier. As earlier noted, there was no activity on the docket for the last three months before dismissal, which is consistent with Plaintiff's claim that it was not trying to run up Defendant's fees unnecessarily. A second thing that argues against finding the case exceptional is that Defendant barely briefed the issue. (*See* D.I. 49, 53). Defendant has the burden of proof to show the case is exceptional. Defendant has not done so here. Thus, I will deny Defendant's motion for attorney's fees.

Plaintiff, perhaps deciding that the best defense is a good offense, asserted in response to Defendant's motion, that, *au contraire*, Defendant's outside counsel, Amit Agarwal, should be paying it attorney's fees because he had litigated the case in an "unreasonable, vexatious, and

---

Plaintiff provided some indication of the settlement history of Express Mobile lawsuits in Delaware, which was that Plaintiff only sued companies it thought had annual revenues in excess of $5,000,000 (D.I. 60 at 2), and dismissed at least six cases when it was persuaded the defendant did not meet that threshold. Plaintiff has licensed nationally forty-one entities, some at a significant discount "prior to major rulings" in favor of Plaintiff, to wit, the non-institution of the IPR, and the Northern District of California decision denying the patent-eligible subject matter motion. (*Id.* at 5). Plaintiff states that the Delaware cases resulting in settlements before the "major rulings" provided lump sum license fees of $80,000, $50,000, $3,000, $12,500, $15,000, $65,000, and $20,000. After the PTAB decision, there were settlements for $75,000, $42,500, $90,000, $25,000, $100,000, $75,000, and $95,000. (D.I. 60).

[3] "There is no per se rule that a case is exceptional if litigation costs exceed the potential damages." *Aten International Co. v. Uniclass Tech. Co.*, 932 F.3d 1371, 1373 (Fed. Cir. 2019).

bad faith" manner, meaning that I should award fees either pursuant to 28 U.S.C. § 1927 or the Court's inherent power. (D.I. 50). For fees pursuant to either section 1927 or inherent power, Plaintiff concedes that the Court has to find the attorney acted in "willful bad faith" or "bad faith." (D.I. 51 at 14). Plaintiff has produced a laundry list of Mr. Agarwal's supposed transgressions, but what I see is a solo practitioner who was admitted to the California Bar just six years ago.[4] Thus, he had about four or five years of experience at the time he was litigating this case. I think the inexperience showed, but I do not see any evidence that I think is sufficient for the sort of bad faith finding that would be necessary if I were going to make Mr. Agarwal pay Plaintiff's attorney's fees. Thus, I will deny the cross-motion for attorney's fees.

Entered this 9 day of January 2020.

*Richard G. Andrews*
United States District Judge

---

[4] According to the California Bar's website, Mr. Agarwal was admitted to the State Bar of California on December 3, 2013, and is a graduate of a California law school. Based on a search of the Florida Bar's website, I do not think he is a member of the Florida Bar.